IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARRYL LEE FOX,<br><br>      Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | **ORDER TO AMEND DEFICIENT MOTION & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-824 CW<br><br>District Judge Clark Waddoups |

Movant, Darryl Lee Fox, a federal inmate in Coleman, Florida, filed a document that the Court construes as a *pro se* "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." *See* 28 U.S.C.S. § 2255 (2012). Reviewing the Motion, the Court concludes that the Motion is deficient as described below. *See id.* Movant must cure these deficiencies if he wishes to pursue his claims.

**Deficiencies in Motion:**

Motion:

(a)   has claims appearing to be based on the illegality of Movant's current confinement; however, the motion was apparently not submitted using the legal help Movant is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

(b) does not list full procedural history of all direct appeals or post-conviction proceedings, with complete dates.

(c) is not on a court-approved form.

### Instructions to Movant

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se

litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [movant] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

    Movant should consider the following points before refiling his motion.  First, the revised motion must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original motion or any other documents previously filed Movant.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original).  Second,

> The motion must:
> (1) apecify all the grounds for relief available to the moving party;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

R. 2(b), Rs. Governing § 2255 Cases in the U.S. Dist. Courts. Third, Movant may generally not bring civil rights claims as to the conditions of his confinement in a habeas-corpus motion. Fourth, any claims about Movant's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2255; any claims about the execution of Movant's sentence should be brought under

28 U.S.C.S. § 2241.  Finally, Movant should seek legal assistance from prison staff to prepare initial pleadings.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Movant shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Movant a copy of the Pro Se Litigant Guide with a proper form motion for him to complete, according to the directions.  *See* R. 2(c), Rs. Governing § 2255 Cases in the U.S. Dist. Courts ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to moving parties without charge.").

(3) If Movant fails to timely cure the above noted deficiencies in accord with the instructions herein this action will be dismissed without further notice.

DATED this 30th day of August, 2012.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court

4