IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRYL LEE FOX,<br><br>　　　　　　Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,.<br><br>　　　　　　Respondent.. | **MEMORANDUM DECISION DENYING PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE, 28 U.S.C. § 2255**<br><br>Civil Case No.  2:12-cv-824<br>Criminal Case No. 2:10-cr-731<br><br>Judge Clark Waddoups |

　　　　Petitioner Darryl Lee Fox moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Petitioner pleaded guilty to one count of Bank Robbery, 18 U.S.C. § 2113(A).  The Base Offense Level was 20.  Petitioner received a two level increase because the property taken was from a financial institution and a 10 level increase as a career offender pursuant to U.S.S.G § 4B1.1.  Petitioner was given a three level reduction for acceptance of responsibility, resulting in a total offense level of 29.  Petitioner had a total criminal history score of 51, placing him in the highest criminal history category of VI.  As a basis for finding Petitioner a career offender, the Pre-Sentence Report referenced convictions for the following: Burglary of a Dwelling, a Second-Degree Felony (Utah Third District Court, Case No. 871903041 (3/3/1987)); Assault by a Prisoner, a Third-Degree Felony (Utah Fourth District Court, Case No. 941400319 (1/30/1994)); Possession with Intent to Distribute a Controlled Substance, a First-Degree Felony (Utah Fourth

District Court, Case No. 971400356 (11/22/1996)); Possession with Intent to Distribute a Controlled Substance, a Second-Degree Felony (Utah Fourth District Court, Case No. 971400185 (1/3/1997)); Tampering with Witness/Juror, a Third Degree Felony (Utah Fourth District Court, Case No. 971400183 (7/25/98)); Attempted Aggravated Robbery, a Third-Degree Felony (Utah Third District Court, Case No. 981913422 (7/25/1998)); Assault by Prisoner, a Third-Degree Felony (Utah Third District Court, Case No.981920470 (7/25/1998));  and Burglary, a Second-Degree Felony (Utah Third District Court, Case No. 091909645 (12/12/09)).  (*See* Case No. 2:10-cr-731, Dkt. No. 57, ¶¶ 64,65,67,68,74,78 and 94.)  At least two of the offenses were crimes of violence or a controlled substance offense. The court accepted the Pre-Sentence Report, found that the Guideline Range had been correctly calculated at 151 to 188 months.  After hearing from counsel and the Petitioner, the court imposed a below Guideline sentence of 100 months followed by 36 months of supervised release.

In his Statement in Advance of Plea, Petitioner acknowledged his right to appeal his sentence as allowed by 18 U.S.C. § 3742(a).  Petitioner admitted to the following statement of facts.

> On August 5, 2010, at approximately 3:30 p.m., my co-defendant decided to rob a bank. I drove to the Key Bank, located at 4700South 1939 West, Taylorsville, Utah at his direction. I waited in the car in the driver's seat, as my co-defendant entered the bank with a note and a bag. I understood what he was going to do and waited for him to exit the bank. I learned that he approached a teller and instructed the teller to, "Stay calm, put all the money in the bag, and no one will get hurt." He also handed the teller a note which demanded money. After obtaining the money he ran back to the car and jumped into the back passenger side and I drove away. As soon as he jumped into the car a dye pack ignited. We were arrested a short time later at a motel with some of the dye stained money. I acknowledge that Key Bank is federally insured by the Federal Deposit Insurance Corporation (FDIC).

(Case No. 2:10-cr-731, Dkt. No. 42, ¶ 11.) Petitioner did not file a direct appeal of his sentence.

In his Section 2255 Petition, Petitioner asserts two grounds for seeking relief. First, he argues that he was convicted of an attempt crime, which does not qualify as a crime of violence under the Career Offender Act. Second, he had ineffective assistance of counsel because his defense counsel did not advise him of two Supreme Court cases under which he could have argued that he was not a career offender. Both arguments must be rejected.

Pursuant to U.S.S.G. § 4B1.1, a defendant is a career offender if (1) he was at least 18 years old at the time of the offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Petitioner does not challenge the first and third requirements. It is not disputed that Petitioner was at least 18 at the time of his offense or that he had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Petitioner argues, however, that the instant offense does not qualify as a crime of violence or a controlled substance offense. Petitioner writes, "[m]ovant should not have been sentence[d] to career offender Level 1 enhancement as a result of 'Attempted Robbery' offense due to the fact that attempts are not considered ('Violent') within the meaning of 4A1.1(a)." (Dkt. No. 5, at 4.) The argument fails. First, Petitioner plead guilty to Count I of the Indictment, 18 U.S.C. §2113(A), Bank Robbery. The elements of the offense require proof that the defendant (1) by using force, violence and intimidation, (2) takes from the person or presence of another, (3) money belonging or in the care, custody, control, management and possession of a bank and (4) whose deposits are and on the date of the robbery were then federally insured by the FDIC. At the time of entering his plea, Petitioner admitted to facts that meet each of these elements. Although Section 2113(A) includes "attempt" as meeting the requirements for the offense,

Petitioner's admitted conduct completed the offense. The fact that Petitioner's crime was unsuccessful because Petitioner was in short order arrested and that the money taken contained a dye pack does not mean it was an attempt offense.

Moreover, Petitioner's argument fails even if the crime of conviction is considered to be an attempt offense. The offense meets the definition of a "crime of violence" under U.S.S.G § 4B1.2 as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

> (1) has as an element the use, *attempted* use, or threatened use of physical force against the person of another, or
>
> (2) ... otherwise involves conduct that presents a serious potential risk of physical injury to another. (emphasis added.)

Petitioner pleaded guilty to bank robbery under 18 U.S.C.§ 2113(A). The statute expressly includes an attempt element: "Whoever, by force and violence, or by intimidation, takes, or *attempts to take*, from the person . . . money . . . in the possession of, any bank . . . ." (emphasis added). Thus, under the categorical approach which had been adopted by the Tenth Circuit at the time of Petitioner's plea, all that was required to support a conclusion that Petitioner was convicted of a crime of violence was the fact of a conviction (satisfied by Petitioner's plea) and the statutory definition making attempt an element of the crime. *United States v. Scoville*, 561 F.3d 1174, 1176 (10th Cir. 2009); *United States v. Sprous*, 389 Fed. Appx. 826 (10th Cir. 2010).

Moreover, even were the court to consider Petitioner's actual conduct, the crime met the requirements as a crime of violence. Petitioner acted as the get-away driver in a robbery where his co-defendant threatened the bank employees that "no one will get hurt" if they put the money

in the bag, clearly implying that if they did not comply someone would get hurt. Both the statutory definition and the conduct meet the definition of a crime of violence.

Finally, bank robbery has been recognized as a crime of violence. The Tenth Circuit has stated that as a matter of law, attempted robbery of a federally insured bank is a crime of violence. *United States v.Green*, 115 F.3d 1479, 1487 (10th Cir. 1997). Under this precedent, Petitioner's argument is not well taken even if his offense were to be considered an attempt offense.

Petitioner's second ground fairs no better. Petitioner states, "Counsel failed to object to the career offender enhancement that increased movant's sentence. Ms. Oberg's failure to research and discover two Supreme Court decisions in *James Law [sic] v. U.S.* [550 U.S. 192 (2007)] and *Chambers v. U.S.* [555 U.S. 122 (2009)] prejudice[d] Petitioners Sixth Amendment right to a lesser included sentence." (Dkt. No. 5, at 4.)

To make a valid claim for ineffective assistance of counsel, a Petitioner "must show that his counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'" and that "counsel's deficient performance actually prejudiced his defense." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). Petitioner cannot satisfy either requirement. First, the cases Ms. Oberg allegedly did not find in her research deal with application of the Armed Career Criminal Act which is not at issue in this case. Nor is there reason to conclude that under an objective standard counsel's performance was deficient. Nothing in the Court's analysis in *James* or *Chambers* would suggest that bank robbery would not qualify as a violent crime. Further, counsel was successful in persuading the court to impose a significant reduction below the Guideline Sentencing range and Petitioner submits nothing that would support that a different total offense level would have been established or a different

sentence would have been imposed had Petitioner cited the referenced cases. Indeed in both cases the Court recognized that an attempted crime would meet the requirements as a crime of violence under the categorical approach under the Armed Career Criminal Act and nothing in those cases suggests a different result should be reached under the statute under which Petitioner was convicted. *See James*, 550 U.S. 192, 201-202; *Chambers*, 555 U.S. 122, 125.

Finally, Petitioner must be denied the relief he requests because he failed to raise the issues on a direct appeal. "The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-351 (2006). The purpose of this procedural bar is "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003).[1] As noted in *Massaro*, however, claims of ineffective assistance of counsel can fall into an exception to this general rule, for instance if a petitioner can show good cause to excuse the procedural default, prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). In this case Petitioner's claim that he should not have been sentenced as a career offender could have been raised on direct appeal and, thus, as to that issue there is no basis to excuse the procedural bar. As to the claim of ineffective assistance of counsel, the court rejects the claim for the reasons stated above.

---

[1] Notwithstanding this expression of the policy underlying the general rule, the *Massaro* Court noted that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Id.* This is because, as the Court explained, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Id.* at 504-5. The *Massaro* Court clarified that "[w]e do not hold that ineffective-assistance claims must be reserved for collateral review." *Id.* at 508. But the Court ultimately held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509.

Petitioner fails to show either that counsel's performance was deficient or that he suffered prejudice from the failure to advise him of the two Supreme Court cases he now relies upon.

For the reasons state, the petition to vacate, set aside or correct the sentence is DENIED.

SO ORDERED this 1st day of May, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Judge
